UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FARON RAYMOND HAWKINS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JUDGE B. LYNN WINMILL, et al.,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00502-DCN<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

　　　　Plaintiff Faron Raymond Hawkins ("Plaintiff") filed a prisoner civil rights Complaint subject to screening. Dkt. 3. He seeks in forma pauperis status. Dkt. 1.

　　　　Prior to filing the Complaint in this case, Plaintiff had at least three federal civil actions dismissed for failure to state a claim or frivolousness.[1] As a result, he is subject to the three strikes rule under 28 U.S.C. § 1915(g). Therefore, Plaintiff cannot proceed in a civil rights action unless he pays the full filing fee. The only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical injury." *Id*. If he is not in such danger, then he must pay the $405 filing fee at the time of filing.

### REVIEW OF COMPLAINT

1. **Standard of Law for Screening**

　　　　A complaint must contain "a short and plain statement of the claim showing that the

---

[1] *See* Case Nos. 1:08-cv-00006-EJL, 1:08-000007-EJL, and 1:08-cv-00008-EJL.

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court liberally construes the pleadings to determine whether a case should be dismissed.

Under 28 U.S.C. §§ 1915 and 1915A, the Court may dismiss some or all of the claims in a complaint for any of the following reasons:

- "insufficient facts under a cognizable legal" theory, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), meaning that the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

- "lack of a cognizable legal theory," *Robertson*, 749 F.2d at 534, including that the complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), or the Court applies a procedural bar sua sponte (on its own) that is often raised as an affirmative defense, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (affirming dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994));

- frivolousness (including untimeliness) maliciousness, 28 U.S.C. § 1915(e)(2)(B); or

- seeking monetary relief from a defendant who is immune from such relief, *id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### REVIEW OF PLEADINGS

Plaintiff brings claims that he has been denied treatment for two broken teeth, causing pain and suffering. He also complains of other physical ailments and medical

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

conditions. Plaintiff already is pursuing the same claims in Case No. 1:25-cv-00246-BLW ("Case 246"). "It is malicious per se for a pauper to file successive in forma pauperis suits that duplicate claims made in other pending or previous lawsuits." *See Brinson v. McKeeman*, 992 F.Supp. 897, 912 (D. Tex. 1997); *see Scott v. Weinberg*, 2007 WL 963990, at *12-13 (D. Wash. 2007) (malicious suits include those that "merely repeat[] pending or previously litigated claims," or that can be characterized as "irresponsible or harassing litigation"); *Thomas v. Commonwealth of Virginia*, 2005 WL 1074333, at *5 (D. Va. 2005) (repetitive lawsuit was frivolous and malicious where plaintiff was told in his previous suit that he had not stated a claim).

The fact that Plaintiff now has decided to sue Judge Winmill, who presides over Case 246, does not change the rule against duplicate lawsuits. Plaintiff's allegations against Judge Winmill center on the screening order issued in Case 246. A claim against a judge arising from a ruling made in a case over which that judge has jurisdiction, as here, is barred by judicial immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978).

Further, Plaintiff is not permitted to judge-shop by suing the presiding judge in his case when he disagrees with that judge's rulings. Suing judges does not permit litigants to select or de-select judges in the federal court system. *See United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007) ("'[A] judge is not disqualified by a litigant's suit or threatened suit against him.'"). This same tactic was rejected in Plaintiff's case, *Hawkins v. Christensen*, No. 1:13-CV-00321-BLW, 2022 WL 3109732, at *1 (D. Idaho Mar. 9, 2022), *dismissed sub nom. Hawkins v. Raney*, No. 22-35618, 2022 WL 16646700 (9th Cir. Aug. 19, 2022).

Case 246 is proceeding to a Martinez Report to be filed by the Defendants in that case, to aid Judge Winmill in determining whether Plaintiff has met the imminent danger exception to the three strikes prisoner rule that would allow the Court to hear the case without requiring Plaintiff to pay the full filing fee upon initiation of the lawsuit. *See* Case 246, Dkt. 11. Judge Winmill also ordered the Defendants to address Plaintiff's new claims brought in his amended complaint in that action. See Case 246, Dkt. 15. Judge Winmill noted that he would call for expedited briefing on preliminary injunctive relief if the record supported that action. Therefore, the Court concludes that Plaintiff's medical needs are being adequately addressed in Case 246.

## ORDER

IT IS ORDERED:

1. Plaintiff's in Forma Pauperis Application (Dkt. 1) is DENIED.

2. Plaintiff's Motion to Appoint Counsel (Dkt. 4) is DENIED.

3. Plaintiff's Motion for Injunction and Temporary Restraining Order (Dkt. 5) is DENIED.

4. This case is DISMISSED as malicious, because it duplicates Case 246 and was filed for the improper purpose of judge-shopping and interfering with a three strikes determination in Case 246.

DATED: February 5, 2026

_____
David C. Nye
U.S. District Court Judge